14945

## BRASWELL v. STOKES

(5 S. E. (2d), 173)

September, 1938.

*Messrs. Colin S. Monteith, Jr.,* and *W. Stokes Houck,* for appellant,

*Messrs. McEachin & Townsend,* for respondent,

October 20, 1939.

The opinion of the Court was delivered by MR. G. B. GREENE, ACTING ASSOCIATE JUSTICE.

Respondent brought this action in the Civil Court of Florence, Florence County, demanding judgment for actual and punitive damages on account of certain alleged wanton, willful, and malicious conduct on the part of appellant that caused respondent embarrassment, humiliation, and other injury. The second and third paragraphs of his complaint read as follows:

"II. That on October 21, 1937, at about 4:15 P. M., the Plaintiff purchased a passenger ticket for transportation from Columbia to Florence and took the Defendant's bus leaving Columbia a few minutes thereafter; that prior to mounting the bus, the Plaintiff checked a large piece of baggage, but brought on the bus with him a small hand-bag about sixteen inches long in which he had medicine for use in case of a heart attack to which the Plaintiff is subject, it being obvious that the Plaintiff is in a very weak and debilitated condition; that immediately after the Plaintiff entered the Defendant's bus, he had his hand-bag put in the rack above the seat; that a few minutes thereafter a man unknown to the Plaintiff but later found to be the Defendant, entered the bus, reached up and took the Plaintiff's hand-bag down, and, after inquiring of the Plaintiff whether that was his bag, told him that he would have to check the bag, thereupon the Plaintiff offered to put the bag on the floor under his feet, but the Defendant insisted that the bag be checked, and dropping the bag on the floor in a rude manner told the driver to put it out on the sidewalk; that after the driver of the said bus put the Plaintiff's hand-bag on the sidewalk, the Defendant informed the Plaintiff that if he had a ticket he could go to the ticket office and get his money back; that thereupon the Plaintiff, who was obviously in a feeble condition, called a red cap and had his hand-bag checked and returned to him on the bus; whereupon the Defendant again entered the bus and refused to permit the

Plaintiff to retain the bag with him on the bus, having the driver or red cap to place the bag outside on top.

"III. That the Defendant then walked about on the sidewalk and among the people taking the bus, talking in a loud and angry tone about the Plaintiff, making it appear that the Plaintiff was a culprit and calling the attention of all persons in the neighborhood to the Plaintiff's unreasonable conduct, humiliating and embarrassing the Plaintiff, and subjecting him to great discomfort."

Appellant's answer to the complaint was a general denial.

A trial of the case was had before Honorable R. W. Sharkey, presiding Judge, and a jury, and resulted in a verdict for respondent for $100.00 actual, and $100.00 punitive damages. From judgment entered on said verdict appellant appeals to this Court upon a number of exceptions, which, as stated in appellant's brief, present these two questions:

"Is there any evidence that warranted the court's refusal of the motion for directed verdict, or sufficient to sustain the verdict of the jury?

"Is there any evidence of gross negligence or willfulness or wantonness on the part of the defendant sufficient to sustain the verdict for punitive damages?"

Respondent, seventy-five years of age and somewhat enfeebled by ill health, testified that when he declined to take his small traveling bag from the bus and check it, appellant in a rude manner took it from the rack, tossed it upon the aisle of the bus, and made the driver take it out and put it on the sidewalk; and after the bag had been taken out, appellant came back to the door of the bus and pointing his finger at respondent in a rude and angry manner said: "If you have a ticket you can go to the office and get your money back"; that after respondent had called a red cap and had the bag checked appellant "strutted" up and down the sidewalk by the bus and by indirect language, spoke in a loud voice, berated respondent for trying to put baggage on the

bus without checking it; and that all of this occurred in the presence and hearing of several passengers on the bus and a number of other persons, and caused respondent great embarrassment and humiliation.

In the case of *Cave v. S. A. L. Ry.*, 94 S. C., 282, 77 S. E., 1017, 1020, L. R. A., 1915-B, 915, Ann. Cas., 1915-A, 1065, the Court said: "The courts have not defined, and it would be unwise to attempt to define accurately, the kind of language which must be used by a conductor to a passenger before liability will be imposed upon the carrier. Ordinarily, too much depends upon the circumstances, the relations of the parties, the tone and manner in which a thing is said, for any exact definition or rule to be laid down. But there can be no doubt that where a conductor uses language to a passenger which is calculated to insult, humiliate, or wound the feelings of a person of ordinary feelings and sensibilities, and it is intended to have that effect, the carrier is liable, for the contract of carriage impliedly stipulates for decent, courteous, and respectful treatment at the hands of the carrier's servants." (Numerous authorities cited.)

See, also, cases of *Adams v. Southern R. Co.*, 103 S. C., 327, 87 S. E., 1007, L. R. A., 1916-D, 1183; and *Lipman v. A. C. L. R. Co.*, 108 S. C., 151, 93 S. E., 714, L. R. A., 1918-A, 596.

The language and conduct of appellant, as told by respondent, were calculated to wound the feelings and offend the sensibilities of a person of ordinary feelings and sensibilities and cause embarrassment and humiliation. Under the decisions in the cases cited we hold that the evidence in this case is sufficient to sustain a verdict for both actual and punitive damages.

All exceptions are overruled and the judgment appealed from is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.